# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                       :

UNITED STATES OF AMERICA    :

       - v. -        :

                       :
JAMES CAPERS,               :
     a/k/a "Mitch,"      :
TOMMY BROWN,              :
     a/k/a "Bizzy,"      :
JESSE IRVIN,              :
     a/k/a "Spookz,"    :
MARQUISE ROCHESTER,      :
     a/k/a "Mook,"       :
     a/k/a "Millz,"      :
EDWIN MOYE,               :
     a/k/a "Eazy,"       :
CHRISTIAN MCKNIGHT,       :
     a/k/a "Spice,"      :
UNIQUE CHRISTOPHER,      :
     a/k/a "Bills," and  :
DANTE RODGERS,            :

                       :
        Defendants.      :

                       :
- - - - - - - - - - - - - - - x

*Judge Pauley*

SEALED INDICTMENT

15 Cr. ___ ( )

## 15 CRIM 607

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/15

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

    1.   At all times relevant to this Indictment, JAMES

CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN,

a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz,"

EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a "Spice,"

UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the

defendants, and others known and unknown, were members and

associates of the Leland Avenue Crew, ("Leland Avenue Crew" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, narcotics trafficking, attempted murder, and murder.  The Leland Avenue Crew operated principally in and around the Bronx, New York.

2.    The Leland Avenue Crew, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce.  The defendants participated in the operation and management of the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

3.    From at least in or about 2012 up to and including on or about the date of the filing of this Indictment, members and associates of the Leland Avenue Crew were engaged in a series of violent disputes with a rival street gang hailing from Taylor Avenue in the Bronx (the "Taylor Avenue Crew").  During these disputes, members and associates of the Leland Avenue Crew

2

committed multiple shootings and assaults against members of the Taylor Avenue Crew.  Some of the members of the Leland Avenue Crew are also members of the Crips gang, whereas some of the members of the Taylor Avenue Crew are also members of the Bloods gang.

4.    Members and associates of the Leland Avenue Crew sold cocaine base, commonly known as "crack cocaine," primarily in and around Leland Avenue in the Bronx, New York.  The Leland Avenue Crew controlled crack cocaine sales within this area by prohibiting and preventing non-members, outsiders, and rival narcotics dealers from distributing crack cocaine in the area controlled by the Enterprise.

5.    Certain members and associates of the Leland Avenue Crew committed and agreed, attempted, and threatened to commit acts of violence to protect and expand their drug trafficking operation and to protect fellow members and associates of the Enterprise.  These acts of violence included assaults, attempted murder, and murder intended either to protect the Enterprise's drug territory, retaliate against members of rival gangs who had encroached on the territory controlled by the Enterprise, or to otherwise promote the standing and reputation of the Leland Avenue Crew amongst rival gangs.

<u>Purposes of the Enterprise</u>

6.    The purposes of the Enterprise included the following:

3

a.    Preserving and protecting the power, territory, and profits of the Enterprise through murder, attempted murder, and other acts of violence, and threats of violence.

b.    Promoting and enhancing the Enterprise and the activities of its members and associates.

c.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d.    Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e.    Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics, including crack cocaine.

f.    Protecting the enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the enterprise.

<u>Means and Methods of the Enterprise</u>

7.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts

4

of violence, including murder, to protect and expand the
Enterprise's criminal operations, and in connection with the
rivalries with members of other street gangs, including the
Taylor Avenue Crew.

      b.   Members and associates of the Enterprise used
threats of violence and physical violence against other members
and associates to enforce and maintain discipline within the
Enterprise.

      c.   Members and associates of the Enterprise
committed, conspired, attempted, and threatened to commit acts
of violence, including murder and attempted murder, against
rival gang members and other individuals adverse to the
Enterprise.

      d.   Members and associates of the Enterprise promoted
and celebrated the criminal conduct of the enterprise, namely
the narcotics distribution, acts involving violence, and firearm
usage, in rap music and on social media websites such as YouTube
and Facebook.

      e.   Members and associates of the Enterprise
obtained, possessed, and used firearms.

      f.   Members and associates of the Enterprise
distributed controlled substances, including crack cocaine.

      g.   Members and associates of the Enterprise
committed acts of intimidation and made threats as a means of

deterring and punishing any potential witnesses to their crimes and in connection with protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

<u>The Racketeering Conspiracy</u>

8.   From at least in or about 2012, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, JAMES CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a "Spice," UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the defendants, and others known and unknown being persons employed by and associated with the enterprise described in Paragraphs One through Seven of this Indictment, to wit, the Leland Avenue Crew, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Leland Avenue Crew, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

     a.    multiple acts involving murder, chargeable under the following provisions of state law:

        i.    New York Penal Law, Sections 20.00, 110.00 and 125.25 (attempted murder);

        ii.    New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder);

        iii.    New York Penal Law, Sections 20.00, 125.25, and 125.27 (murder);

     b.    multiple acts involving the distribution of controlled substances, including crack cocaine and marijuana, in violation of laws of the United States, namely Title 21, United States, Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2.

9.    It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

     (Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

10.    At all times relevant to this Indictment, the Leland Avenue Crew, as more fully described in Paragraphs One through Seven of this Indictment, which are realleged and incorporated

7

by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

11.  At all times relevant to this Indictment, the above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of the laws of New York State, and acts involving drug trafficking in violation of 21 U.S.C. §§ 841 and 846.

12.  On or about July 7, 2015, in the Southern District of New York, JAMES CAPERS, a/k/a "Mitch," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay a thing of pecuniary value from the Leland Avenue Crew, and for the purpose of gaining entrance to and maintaining and increasing position in the Leland Avenue Crew, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered, and aided and abetted the murder of Allen McQueen,

that is, with the intent to cause the death of McQueen and under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which created a grave risk of death to another person and thereby caused the death of McQueen, in the vicinity of 1531 Taylor Avenue, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code,
Sections 1959(a)(1) and 2.)

**COUNT THREE**
**(Narcotics Conspiracy)**

The Grand Jury further charges:

13.   From at least in or about 2012, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, JAMES CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a "Spice," UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

·  14.   It was a part and an object of the conspiracy that JAMES CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a

9

"Spice," UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

15.   The controlled substance that JAMES CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a "Spice," UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the defendants, conspired to distribute and possess with the intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT FOUR
### (Murder in Connection with a Drug Crime)

The Grand Jury further charges:

16.   On or about July 7, 2015, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, the narcotics conspiracy charged in Count Four of this Indictment, JAMES CAPERS, a/k/a "Mitch," the defendant, and others known and

10

unknown, intentionally and knowingly killed and counseled, commanded, induced, procured, and caused the intentional killing of Allen McQueen, and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

## COUNT FIVE
### (Firearms Offense)

The Grand Jury further charges:

17.  On or about July 7, 2015, in the Southern District of New York, JAMES CAPERS, a/k/a "Mitch," the defendant, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering charged in Count Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, CAPERS caused the death of Allen McQueen by shooting McQueen, and aiding and abetting the same, in the vicinity of 1531 Taylor Avenue, Bronx, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

11

## COUNT SIX
### (Firearms Offense)

The Grand Jury further charges:

18.   From at least in or about 2012 up to and including on or about the date of the filing of this Indictment, in the Southern District of New York and elsewhere, JAMES CAPERS, a/k/a "Mitch," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," and CHRISTIAN MCKNIGHT, a/k/a "Spice," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which firearms were discharged at rival gang members.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii) and 2.)

### SPECIAL FINDINGS AS TO JAMES CAPERS

19.   Counts Two, Four, and Five of the Indictment are realleged and incorporated by reference as though fully set forth herein.   As to Count Two of the Indictment, alleging the murder of Allen McQueen in aid of racketeering; Count Four of the Indictment, alleging murder in furtherance of a drug crime; and Count Five of the Indictment, alleging the use of a firearm

12

to murder Allen McQueen in connection with a crime of violence, the defendant JAMES CAPERS, a/k/a "Mitch":

      a.    was 18 years of age or older at the time of the offense;

      b.    intentionally killed Allen McQueen (Title 18, United States Code, Section 3591(a)(2)(A));

      c.    intentionally inflicted serious bodily injury that resulted in the death of Allen McQueen (Title 18, United States Code, Section 3591(a)(2)(B));

      d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Allen McQueen died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

      e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Allen McQueen died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)).

## FORFEITURE ALLEGATION AS TO COUNT ONE

20. The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One of this Indictment.

21. JAMES CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a "Spice," UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the defendants:

   a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

   b. have an interest in, security of, claim against, and property and contractual rights which afford a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and

14

me

participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

   c. have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

  22. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendants derived from racketeering activities as alleged in Count One of this Indictment.

  23. The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

<u>Substitute Assets Provision</u>

  24. If any of the property described above as subject to forfeiture, as a result of any act or omission of the defendants:

15

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), and 28 U.S.C. § 2461, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

      (Title 18, United States Code, Section 1963.)

## FORFEITURE ALLEGATION AS TO COUNT THREE

25.  As a result of committing the controlled substance offense charged in Count Three of this Indictment, JAMES CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a "Spice," UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or

16

derived from any proceeds the defendants obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count Three of this Indictment.

<u>Substitute Assets Provision</u>

26.   If any of the above-described forfeitable property, as a result of any act or omission of JAMES CAPERS, a/k/a "Mitch," TOMMY BROWN, a/k/a "Bizzy," JESSE IRVIN, a/k/a "Spookz," MARQUISE ROCHESTER, a/k/a "Mook," a/k/a "Millz," EDWIN MOYE, a/k/a "Eazy," CHRISTIAN MCKNIGHT, a/k/a "Spice," UNIQUE CHRISTOPHER, a/k/a "Bills," and DANTE RODGERS, the defendants:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C.

§ 853(p), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)


_____
Foreperson

_____
PREET BHARARA
United States Attorney

18

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMES CAPERS, a/k/a "Mitch,"
TOMMY BROWN, a/k/a "Bizzy,"
JESSE IRVIN, a/k/a "Spookz,"
MARQUISE ROCHESTER, a/k/a "Mook,"
a/k/a "Millz,"
EDWIN MOYE, a/k/a "Eazy,"
CHRISTIAN MCKNIGHT, a/k/a "Spice,"
UNIQUE CHRISTOPHER, a/k/a "Bills,"
and
DANTE RODGERS,

Defendants.

SEALED INDICTMENT

15 Cr. ___ (   )

(18 U.S.C. §§ 924(c), 924(j), 1959,
1962, 1963, and 2;
21 U.S.C. §§ 846, 848(e), and 853.)

A True Bill

_____
Foreperson.

PREET BHARARA
United States Attorney.

9/3/15 - Filed Sealed Indictment
be    W/W's issued
J Gorenstein
USMJ