G1T3CAPC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                              15 CR 607 (WHP)

JAMES CAPERS, TOMMY BROWN,
JESSE IRVIN, MARQUISE
ROCHESTER, EDWIN MOYE,
CHRISTIAN McKNIGHT, UNIQUE
CHRISTOPHER, DANTE RODGERS,

              Defendants.

------------------------------x

                          New York, N.Y.
                          January 29, 2016
                          3:00 p.m.


Before:

          HON. WILLIAM H. PAULEY III,

                          District Judge

                APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
JASON SWERGOLD
SCOTT A. HARTMAN
    Assistant United States Attorneys

ANDREW G. PATEL
    Attorney for Defendants Capers and Moye

NATALI J.H. TODD
    Attorney for Defendant Brown

JOHN A. DIAZ
    Attorney for Defendant Irvin

G1T3CAPC

1    Appearances (Continued)

2    SARAH KUNSTLER
         Attorney for Defendant Rochester
3
     KELLEY SHARKEY
4        Attorney for Defendant McKnight

5    ROBERT MOORE
         Attorney for Defendant Christopher
6
     THOMAS DUNN
7        Attorney for Defendant Rodgers

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

G1T3CAPC

```
 1                THE COURT:  The marshals may bring in the defendants.
 2      Call the case.
 3                THE DEPUTY CLERK:  Matter on for a status conference,
 4      United States of America v. James Capers.
 5                MR. SWERGOLD:  Good afternoon, your Honor.  Jason
 6      Swergold and Scott Hartman for the government.
 7                THE COURT:  Good afternoon, gentlemen.
 8                THE DEPUTY CLERK:  Counsel for defendant Capers.
 9                MR. PATEL:  Andrew Patel for Mr. Capers who is right
10      there in the first row closest -- almost closest to you.
11                THE COURT:  Good afternoon, Mr. Patel.  I note the
12      presence of Mr. Capers in the jury box.
13                MS. TODD:  Good afternoon, your Honor.  Natalie Todd
14      for Mr. Brown who is seated in the front row in the middle.
15                THE COURT:  Very well.  Good afternoon to you,
16      Ms. Todd.  I note Mr. Brown's presence.
17                MR. DIAZ:  John Diaz appearing for Mr. Jesse Irvin who
18      is seated in the jury box, first row, first seat to the Court's
19      right.
20                THE COURT:  Good afternoon, Mr. Diaz.  I note
21      Mr. Irvin's presence.
22                MS. KUNSTLER:  Sarah Kunstler for Marquise Rochester
23      who is seated in the navy jumpsuit right in front of me.
24                THE COURT:  Very well.  Good afternoon to you,
25      Ms. Kunstler, and I note Mr. Rochester's presence.
```

G1T3CAPC

1          MR. PATEL:  Good afternoon, your Honor.  Andrew Patel,

2     P-A-T-E-L, standing in for Jeffrey Pittell, P-I-T-T-E-L-L for

3     Mr. Edwin Moye, with Mr. Moye's consent, who is seated in the

4     second row.

5          THE COURT:  Mr. Moye, do you consent, sir, to having

6     Mr. Patel stand in today at this proceeding for your attorney

7     Mr. Pittell?

8          DEFENDANT MOYE:  Yes.

9          THE COURT:  Very well, sir.  I note your presence.

10          MR. PATEL:  Thank you, your Honor.

11          THE DEPUTY CLERK:  Counsel for Mr. McKnight.

12          MS. SHARKEY:  Kelley Sharkey for Mr. McKnight.

13     Mr. McKnight is in the second row, second from the left.

14          THE COURT:  Good afternoon, Ms. Sharkey, and I note

15     Mr. McKnight's presence.

16          THE DEPUTY CLERK:  Counsel for Mr. Christopher.

17          MR. MOORE:  On behalf of Mr. Christopher, your Honor,

18     Robert Moore, standing in for David Touger.

19          THE COURT:  Mr. Christopher, do you consent to having

20     Mr. Moore stand in for Mr. Touger today?

21          DEFENDANT CHRISTOPHER:  Yes.

22          THE COURT:  Counsel for Mr. Rodgers.

23          MR. DUNN:  Thomas Dunn.  Mr. Rodgers is right here in

24     the gray.

25          I want to apologize for my lateness, not only to you,

G1T3CAPC

1   but to all the court personnel.  I have no excuse for the

2   lateness.

3           THE COURT:  Thank you, Mr. Dunn.  I note the presence

4   of your client Mr. Rodgers in the gallery.

5           Mr. Swergold, briefly, what is the status of this

6   matter.

7           MR. SWERGOLD:  Your Honor, beginning on October 6, the

8   government started making discovery available to the

9   defendants.  As the government discussed at the first pretrial

10  conference, we started by prioritizing the individual

11  discovery.  Some cell phone returns, post-arrest statements,

12  criminal history, documentation related to the arrests in this

13  case.

14          The government then began rolling productions in

15  November and January, and at this point, discovery is

16  voluminous, there is a lot of warrant paperwork, search warrant

17  returns, subpoena returns, recorded phone calls, 911 tapes, a

18  lot of paperwork related to prior arrests.

19          The government thinks that discovery is substantially

20  completed at this point, but there are still some returns that

21  we received from prior investigative requests that we've made.

22  Additionally, the government continues to investigate the case,

23  so to the extent that the government identifies additional acts

24  of violence, we would produce material related to those acts of

25  violence as soon as we have it.

G1T3CAPC

1          We think that the defense counsel has all of the

2    discovery that they would need for the basis of motions, but

3    there is certainly some stuff that could keep coming in as we

4    go.

5          THE COURT:  Go ahead.

6          MR. SWERGOLD:  I was going to say the last production

7    the government made was on January 12, and that was another

8    voluminous production, but it also was a little bit later

9    because we had some issues with encrypting the discovery.  So

10   we worked with the discovery coordinator on that, and we were

11   able to get it out to defense counsel, but it was a later than

12   we wanted to.

13         THE COURT:  The record should reflect that back on

14   December 2 of 2015, this Court appointed a discovery

15   coordinator to manage the production of discovery for defense

16   counsel.  And I received a report, which I understand the

17   discovery coordinator has shared with all counsel in the case,

18   dated January 28, reporting on the two global productions that

19   have been made by the government.

20         MR. SWERGOLD:  Your Honor, I just point out the

21   government hasn't actually seen that report.  I think it was

22   only shared with defense counsel.

23         THE COURT:  Oh, really?

24         MR. SWERGOLD:  We know what we produced, so I think it

25   is okay that we haven't seen it.

G1T3CAPC

1          MR. PATEL:  The report was ex parte, your Honor.  It

2     was shared with defense counsel.

3          THE COURT:  I see that.  Among defense counsel, where

4     do we stand, Mr. Patel?

5          MR. PATEL:  Your Honor, we have about 55 gigabytes of

6     material.  As your Honor knows, the discovery coordinator is

7     not doing individual coding, so it is just grouped coding.

8          THE COURT:  How many gigabyte once again?

9          MR. PATEL:  55.

10         THE COURT:  One gigabyte is about 50,000 pages, right?

11         MR. PATEL:  If it was just pages, life would almost be

12    simpler.  But it is videos, audios, every format you can

13    possibly imagine that something can be stored in, and there are

14    no transcripts.  So a lot of this material has to be reviewed

15    in real time.

16         To cut to the chase, your Honor, can we come back on

17    April 15, and by then we'll have a much better idea of what

18    we've got.

19         Just to sort of illustrate the magnitude of this, the

20    discovery produced in a single cell phone runs about 7,000

21    pages.  There's a lot more than one cell phone here, so we've

22    got our hands full.

23         THE COURT:  All right.  Well, we're going to fix a

24    trial date today.  I'm prepared to give you time to review the

25    discovery.  Can you tell me at this point what pretrial

G1T3CAPC

1   motions, if any, you want to make?

2           MR. PATEL:  I'm really not at the point where I could

3   give your Honor anywhere near a complete list.

4           THE COURT:  Does any defense counsel have an idea as

5   to what pretrial motions they wish to make?

6               In this case silence is not golden.

7           MR. PATEL:  But it's truthful.

8           THE COURT:  Right.  I'm prepared to put it down for

9   another conference date to fix a schedule.  But you're here,

10  you're all busy, and I'm going to fix a trial date.

11          Mr. Swergold, how long is it going to take for the

12  government to try the case?

13          MR. SWERGOLD:  Your Honor, I think the trial would

14  take anywhere from four to six weeks, but that would also

15  depend on how many defendants eventually go to trial.  It could

16  be less than that.

17          MR. PATEL:  Your Honor, may I have a moment with the

18  government?

19          THE COURT:  Sure.

20          (Pause).

21          MR. PATEL:  Your Honor, we've sort of, in anticipating

22  your Honor might want to do this, sort of compared notes,

23  calendars.  Your Honor, if you were going to set a trial date

24  today, we would request the day after Martin Luther King's

25  birthday next year.  Mid January 2017.

G1T3CAPC

1          THE COURT:  You can suggest it, but I'm going to set

2     it down for November 28 for jury selection and trial.  The

3     Monday after Thanksgiving.  That's plenty of time to resolve

4     any motions, and if the case compresses I can advance the trial

5     date.  But I'm not going to extend it.

6          In terms of a further conference to consider the

7     matter, I can put it down on April 13, Wednesday, April 13, for

8     a conference, if that would be convenient for counsel.

9          MR. PATEL:  Your Honor, I have an obligation in White

10    Plains that day.  I can get someone to cover for me up there if

11    that's the only day available that week.

12         MS. SHARKEY:  Judge, I'm also unavailable.  I'm

13    engaged in a matter in a District Court in Newark, but I think

14    I'm going to be engaged through the beginning of May.  So I

15    will anticipate having someone cover for me in the event the

16    Court sets an earlier date, and I've spoken with my client who

17    is okay with that.

18         THE COURT:  All right.  Let's put it down for

19    Wednesday, April 13.  You said, Mr. Patel, that you could get

20    someone to cover for you in White Plains?

21         MR. PATEL:  I'm almost certain I can, your Honor.

22         THE COURT:  Great.  Because I would like you to be

23    here.

24         April 13, at 2 o'clock.  And at that time, it would be

25    my intention to hear what motions the defendants want to make,

G1T3CAPC

1    so that I can fix a motion schedule and any evidentiary

2    hearings that may be necessary in connection with those

3    motions.

4            So, are there any other issues that counsel want to

5    raise?

6            MR. SWERGOLD:  Your Honor, the government would just

7    note for the record that on December 21, 2015, the government

8    received the attorney general's decision regarding seeking of

9    the death penalty with respect to Mr. Capers, and that decision

10   was that we were directed not to seek the death penalty and

11   authorized not to seek it.

12           THE COURT:  All right.  Thank you, Mr. Swergold.

13   Anything further from the government?

14           MR. SWERGOLD:  Your Honor, the government would move

15   to exclude time between now and April 13, 2016, so that defense

16   counsel can continue to review discovery and contemplate any

17   motions, the government can produce any additional documents

18   that come in, and all parties can continue to discuss pretrial

19   resolutions of this case.

20           THE COURT:  What are the defendants' respective views

21   concerning the exclusion of time between now and April 13,

22   2016?

23           MR. PATEL:  No objection.

24           MS. SHARKEY:  No objection.

25           MS. TODD:  No objection.

G1T3CAPC

1          MS. KUNSTLER:  No objection.

2          MR. DUNN:  No objection.

3          THE COURT:  Since this continuance is due to the

4   defendants' need to continue their review of voluminous

5   discovery produced by the government in order to determine what

6   motions, if any, to make, I prospectively exclude the time from

7   today until April 13, 2016, from Speedy Trial Act calculations.

8   I find that this continuance serves to ensure the effective

9   assistance of counsel and prevents any miscarriage of justice.

10  Additionally, I find that the ends of justice served by such a

11  continuance outweigh the best interests of the public and each

12  of these defendants in a speedy trial pursuant to 18 U.S.C.

13  Section 3161.

14          Anything further?

15          MR. SWERGOLD:  Not from the government.

16          MR. PATEL:  No.  Thank you, your Honor.

17          MS. TODD:  No, your Honor.

18          MS. SHARKEY:  Thank you, Judge.

19          MS. KUNSTLER:  Thank you, your Honor.

20          THE COURT:  Everyone is to remained seated, including

21  counsel, until the defendants are escorted from the courtroom.

22  This matter is adjourned.  Have a good afternoon, everyone.

23                          o0o

24

25