UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,       :                 NOTICE OF MOTION

            -against-          :

                          15 CR 607 (WHP)

JAMES CAPERS,
             Defendant,         :
-------------------------------------------------------x

       PLEASE TAKE NOTICE,  that the defendant James Capers, by his attorneys, Andrew G.

Patel and Esere Onaodowan, and upon the annexed declaration and all papers and proceedings

in this case, moves the Court, before the Honorable William H. Pauley, in the United States

District Court for the Southern District of New York, for Orders:

     A.     Suppressing identification evidence, pursuant to Rule 12(b)(3)(c) of the Federal

              Rules of Criminal Procedure on the grounds that such evidence was obtained in

              violation of Mr. Capers' right to Due Process of law;

     B.     Permitting Mr. Capers to join motions filed by the co-defendants in this matter.

     C.     Any such other and further relief as this Court deems appropriate.

Dated: New York, New York
       July 6, 2016

                                   Counsel for James Capers
                                   Esere Onaodowan
                                   116 West 23rd Street
                                   New York, NY 10011
                                   718-427-3139
                                   eonaodowan@eocdlaw.com

                                   Andrew G. Patel
                                   80 Broad Street, Suite 1900
                                   New York, NY 10004
                                   21-349-0230
                                   apatel@apatellaw.com

To: All Counsel via ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA,        :


    -against-                 :        AFFIRMATION OF
                                     ESERE J. ONAODOWAN

                             :
                                     15 Cr. 607 (WHP)

JAMES CAPERS,              :
               Defendant,        :
-----------------------------------------------------x


       I, ESERE J. ONAODOWAN, ESQ under penalties of perjury pursuant to 28 U.S.C. Sec

1746, affirms as follows:

1. I am the co-counsel for JAMES CAPERS, a defendant herein.  I am a member of the

    Bar of this Court and my office is located at 116 West 23rd Street, 5th Fl, New York,

    NY 10011.

2. I make this Declaration in support of defendant JAMES CAPERS' motion for an

    Order granting various forms of relief.

3. This Declaration is made on information and belief which is based on a review of the

    discovery material provided by the Government pursuant to Rule 16 of the Federal

    Rules of Criminal Procedure and conversations Assistant United States Attorneys

    assigned to this matter.

4. The Government has provided a copy of a one page photo array which contains six

    photographs on it as the photo array.  A copy of the photo array is attached as Exhibit

    A.

5. The Government has also provided a copy of a New York City Police Department

Photo Array Viewing Report dated March 7, 2016.  The copy of the report provided by the Government is heavily redacted.  A copy of the March 7, 2016 Photo Array Viewing Report is attached as Exhibit B.

6.   Due to the extent of the redactions to the Photo Array Viewing Report it is impossible to determine what the witness said or what was said to the witness by the law enforcement officer(s) present at viewing of the photo array.

7.  As part of the Rule 16 discovery in this matter, the Government produced an NYPD Wanted Poster featuring James Capers as the wanted person.  A copy of the wanted poster is attached as Exhibit C.

WHEREFORE, it is respectfully requested that this Court enter an Order granting the relief requested in the Notice of Motion and/or Ordering a pre-trial hearing which it is respectfully submitted is required to resolve this issue and grant such other, further and different relief as this Court may deem just, equitable and proper.

Dated: New York, New York
       July 6, 2017

Respectfully submitted,

   /s/Esere Onaodowan
Esere Onaodowan
Counsel for James Capers
116 West 23rd Street
New York, NY 10011
718-427-3139
eonaodowan@eocdlaw.com

# Exhibit A



# NEW YORK CITY POLICE DEPARTMENT



Photo Array 340855



1 _____ 2 _____ 3 _____





4 _____ 5 _____ 6 _____

Identification Made: ☑ Yes ☐ No Photo Selected: # _____

Date of Identification Procedure:

# Exhibit B



**PHOTO ARRAY VIEWING REPORT**

PD 373-154 (Rev. 10-11)

## PART A - SHOWING THE PHOTO ARRAY

| Witness Name | | | Administrator<br>**DT3 OSCAR RIVAS** | | Date<br>3/7/16 |
|---|---|---|---|---|---|

| Interpreter Used? | ☐ Yes<br>☒ No | Name of Interpreter<br>N/A | | Command<br>N/A | Tax No.<br>N/A |
|---|---|---|---|---|---|

If Interpreter is Not a Member of the Service, List Name, Address and Telephone No.

**N/A**

List any Additional Members of the Service Present:

| Rank/Name<br>Det. Gorgley | Tax No. | Cmd.<br>NBBX | Rank/Name | Tax No. | Cmd. |
|---|---|---|---|---|---|

### Instructions to the Administrator Showing the Photo Array:

- Remain neutral. Do not comment on the identification before, during or after the identification procedure.
- Place the photo array in a closed letter-size manila folder when handing it to the witness.
- Stand out of the witness' line of sight, where practical, but still observe the witness as the witness views the photo array.
- So as not to distract the witness, do not comment during identification procedure.

## PART B - AFTER THE WITNESS HAS VIEWED THE ARRAY, ASK THESE QUESTIONS

Did you recognize anyone in the photo array?  Yes

If so, what is the number of the person that you recognize?  5

From where do you recognize that person?

Record words and gestures of the witness:

**If the Witness Gives a Vague Answer**  *(for example: "I think it is..." or "It might be...")*

Then say the following: **You said**

**What do you mean by that?**  *(record the witness' answer)*

Date: 3/7/16   Time: 16 25 AM   Witness Signature

### FINAL INSTRUCTION TO WITNESS:

*Do not discuss with any other witness what you observed or said during this identification procedure.*

| Prepared by (Rank, Name Printed)<br>**DT3 OSCAR RIVAS** | Tax No. | Cmd.<br>730 | Date Prepared<br>3/7/16 |
|---|---|---|---|



PHOTO ARRAY INFORMATION REPORT

PD 373-155 (Rev. 10-11)

# THIS FORM MUST NOT BE SHOWN TO THE WITNESS

## ADMINISTRATOR TO FILL OUT THE AREA BELOW

### The Photo Array:

- The original photo array MUST be preserved.
- Attach a copy of the photo array to this form and provide the information below, if available.

| Position | Name | NYSID Number | Date of Photo |
|----------|------|--------------|---------------|
| 1 | | | 03/03/2016 |
| 2 | | | 03/03/2016 |
| 3 | | | 03/02/2016 |
| 4 | | | 03/02/2016 |
| 5 | CAPERS, JAMES | 09593467K | 07/16/2015 |
| 6 | | | 03/01/2016 |

| Suspect's Name | Date of Birth |
|----------------|---------------|
| CAPERS, JAMES | 04/03/1993 |

Suspect's Position in the Photo Array
**5**

Was any photo altered?  ☐ Yes  ☑ No

If Yes, which photo?  ☐

Describe alteration

Comments:

Signature of Administrator

3/7/16

Date

| Prepared by (Rank, Name Printed) | Tax No. | Cmd. | Date Prepared |
|----------------------------------|---------|------|---------------|
| DT3 OSCAR RIVAS | | 730 | 3/7/16 |

# Exhibit C



**POLICE DEPARTMENT**
**CITY OF NEW YORK**

**DETECTIVE BUREAU**
**Wanted Flyer # 23488086**

**POLICE DEPARTMENT**
**CITY OF NEW YORK**



# WANTED
# FOR HOMICIDE
### PERPETRATOR - PROBABLE CAUSE TO ARREST



JAMES CAPERS / MALE / BLACK / 22 YEARS OF AGE DOB: █████
HEIGHT 5' 9" , WEIGHT 190 lbs., HAIR BLACK, EYES BROWN
LAST KNOWN ADDRESS: █████████████

On July 7, 2015 at approximately 1320hrs the above subject did discharge a firearm in the vicintiy of 1531 Taylor Avenue causing the death of the victim Mr. Allan Mcqueen. Please be advised the subject is considered armed and dangerous.

Anyone with information regarding the above subject , please notify  Det. PEDRO RAMOS  at ██████████ OR Detective Borough Bronx at █████████

**Investigator:**  Det. PEDRO RAMOS  **Command Assigned:**  266-43 DET SQUAD
**Case#**  2015-1830  **Complaint Report#**  2015-043-07260

### Do Not Distribute to Non-Law Enforcement Personnel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,              :

    -against-                                        :              MEMORANDUN OF LAW
                                                           :
                                                                       15 Cr. 607 (WHP)

JAMES CAPERS,                               :
                Defendant,              :
-------------------------------------------------------x

## PRELIMINARY STATEMENT

Defendant James Capers respectfully submits this memorandum of law in support of his motion to suppress identification evidence and for an Order permitting Mr. Capers to join the motions filed on behalf of his co-defendants. The pretrial identification of Mr. Capers should be suppressed as unduly suggestive and unreliable.

## FACTUAL BACKGROUND

Mr. Capers is charged in six Counts of a six Count indictment that alleges that Mr. Capers was a member of a racketeering enterprise (Count One), a member of a narcotics conspiracy (Count Two), that on or about July 7, 2015, he participated in the murder of Allen McQueen (Counts Three and Four) and that Mr. Capers used and carried weapons in relation to crimes charged in the indictment (Count Five and Six).

The Government alleges that Mr. McQueen was shot and killed on July 7, 2015, in the Bronx, New York. Mr. Capers was arrested on July 15, 2015 at 3:45pm inside the 43rd precinct which is located the Bronx.

According to the discovery provided by the Government pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Mr. Capers was placed in two lineups on July 15, 2015, the day he was arrested. Mr. Capers was not identified in either lineup. One of the people who

viewed the lineup, identified someone other than Mr. Capers as a participant in the crime. The other witness that viewed a lineup that same day, failed to make any identification.

On July 16, 2015, a photograph of Mr. Capers was taken at the 43rd Precinct. On March 7, 2016, approximately 8 months later, that photograph was used in a photo array labeled NYPD Photo Array 340855 (Photo Array) attached as Exhibit A to the Onaodowan Affirmation.   On March 7, 2016, Mr. Capers was identified by an individual who had viewed a six photo array in connection with the investigation of the Allen McQueen murder.

**ARGUMENT**

### I.       THE PRETRIAL IDENTIFICATION OF MR. CAPERS SHOULD BE SUPPRESSED BECAUSE THE PHOTO ARRAY WAS UNDULY SUGGESTIVE

Due Process requires that identification testimony that is the product of unnecessarily suggestive law enforcement procedures must be suppressed.  *See Manson v. Brathwaite*, 42 U.S. 98, 114 (1997).  "When the defendant objects to identification testimony to be given by a witness who has identified him prior to trial, a sequential inquiry is required in order to determine whether either the prior identification or an in-court identification of the defendant at trial is admissible. The Court must first determine whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator." *Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001); *United States v. Perez*, 248 F. Supp. 2d 111, 113 (D. Conn. 2003), *See also United States v. Tortora,* 30 F.3d 334, 338 (2d Cir.1994).

Mr. Capers is objecting to the identification testimony that will be offered by the witness who identified him in the photo array on March 7, 2016.  The Second Circuit in *Raheem v. Kelly* has established that where such an objection is made by the defendant, an inquiry is required. Defendant is respectfully requesting the opportunity to perform such an inquiry via an

identification suppression hearing in order to determine the admissibility of the pretrial photo

array identification.  "The ultimate question of the constitutionality of pretrial identification

procedures is a mixed question of fact and law… *Sumner v. Mata,* 455 U.S. at 597, 102 S.Ct. at

1306."*Jarrett v. Headley*, 802 F.2d 34, 42 (2d Cir. 1986).  In order to make a finding of fact and

law as to the constitutionality of the pretrial identification procedure of Mr. Capers, we would

ask that this Court grant an evidentiary hearing.  *United States v. Wade*, 388 U.S. 218 (1967).

"The fairness of a photographic array depends on a number of factors, including the size

of the array, the manner of presentation by the officers, and the array's contents. If there is

nothing inherently prejudicial about the presentation, such as use of a very small number of

photographs or of suggestive comments, the "principal question is whether the picture of the

accused, matching descriptions given by the witness, so stood out from all of the other

photographs as to 'suggest to an identifying witness that [that person] was more likely to be the

culprit.' " *Jarrett v. Headley,* 802 F.2d at 41 (quoting *United States v. Archibald,* 734 F.2d 938,

940 (2d Cir.1984))." *United States v. Maldonado-Rivera*, 922 F.2d 934, 974 (2d Cir. 1990)

In the instant case Mr. Capers is number 5 out of only a six image Photo Array.   Mr.

Capers' photograph is one of six color images on one sheet of paper that was presented to the

witness in the March 7, 2016.  The use of only six photographs in a photo array is a very small

number of photographs.  The presentation of this very small number of photographs on one sheet

of paper is inherently prejudicial.

In addition to assessing such factors as the size of the photographic array, the Court must

also consider the manner of presentation by the officers, including possibly suggestive

comments.  *United States v. Maldonado-Rivera*, 922 F.2d 934, 974 (2d Cir. 1990)   In this case

the Government has produced no information concerning the manner the photo array was conducted or presented by the officers.

The Photo Array Viewing Report, (attached as Exhibit B to the Onaodowan Affirmation) there are a few sections where the officer must write down the verbal exchange between the witness and the administrating officer should the witness give a "vague answer". The written verbal exchange between the witness and the administrating officer during the photo array procedure on March 7, 2016 was redacted from the Photo Array Viewing Report. This Court can not properly find if any of the comments made during the photo array were suggestive absent an evidentiary hearing.

"A photographic array used to identify a criminal suspect is suggestive if "the picture of the accused, matching descriptions given by the witness, so stood out from all of the other photographs as to suggest to an identifying witness that that person was more likely to be the culprit." *United States v. McGee*, No. 99-CR-150E, 2000 WL 1520957, at *2 (W.D.N.Y. Oct. 10, 2000). While we do not know nor do we have any prior descriptions by witnesses of the Photo Array is still unduly suggestive because Mr. Capers' photograph so stood out from all the other photographs as to suggest to the identifying witness that he was the culprit. In the Photo Array, every other suspect's photograph was taken in March 2016, as indicated on the Photo Array Information Report. Mr. Capers' photo was taken in July 2015 as indicated on the Photo Array Information Report. In the photos, every other suspect is dressed for cold weather while Mr. Capers is obviously dressed for warmer weather. Suspects 1 through 4 are all wearing hooded sweatshirts. Suspect 6 is wearing an obvious long sleeved thermal styled shirt with a visible undershirt. Mr. Capers, however, is the only suspect dressed in what is obviously a V neck t-

shirt.  If any previous description was given by a witness, we do not know whether the description given described the suspect as wearing a black V-neck T-shirt.

In *Hylton v. Ercole*, No. 05-CV-4077 (NGG), 2010 WL 2594744, at *11 (E.D.N.Y. June 23, 2010) , the Court states "At the first step of the due process analysis, the Appellate Division correctly found that Hylton's lineup was unduly suggestive under clearly established federal law." *Hylton v. Ercole*, No. 05-CV-4077 (NGG), 2010 WL 2594744, at *11 (E.D.N.Y. June 23, 2010) "And, according to the Appellate Division, Hylton was the only lineup participant who wore beige." *Hylton v. Ercole*, No. 05-CV-4077 (NGG), 2010 WL 2594744, at *11 (E.D.N.Y. June 23, 2010) While *Hylton v. Ercole* discussed the unduly suggestiveness of Mr. Hylton's attire in the lineup procedure, the reasoning used by the *Hylton* Court to reach that conclusion can also be applied to Mr. Capers' photo array procedure.   Just as in the *Hylton* case, Mr. Capers was the only person in the Photo Array that was dressed differently, specifically dressed for warmer weather in a V neck t-shirt.  The alleged crime took place in the middle of the summer. Mr. Capers photograph stood out from all the other photographs as to suggest to the identifying witness that he was the culprit.

"In *United States v. Fernandez,* 456 F.2d 638, 641–42 (2d Cir.1972), in which surveillance photographs showed a robber to be a light-skinned individual with an Afro haircut, we held that the use of a six-photo array where only one of the six even "remotely resemble[d]" that description was impermissibly suggestive. But we noted that if that array had been combined with another five-photo array that included one other light-skinned Black man with an Afro, the resulting 11–photo array with two persons matching the robber's characteristics would not have been impermissibly suggestive." *United States v. Maldonado-Rivera*, 922 F.2d 934, 974 (2d Cir. 1990).  In the Photo Array, Mr. Capers has the darkest complexion out of the six photographed

suspects.  Just as in the Maldonado-Rivera case, Mr. Capers' photograph was amongst a six

person photo array and his skin tone stood out amongst the other five suspects.   The other five

suspects had brown skin while Mr. Capers had very dark skin.  Accordingly, the Photo Array

used to identify Mr. Capers was impermissibly suggestive.


**II.    THE PRETRIAL IDENTIFICATION OF MR. CAPERS SHOULD BE
SUPPRESSED BECAUSE IT WAS UNRELIABLE GIVEN THE
SUGGESTIVENESS OF THE PRESENTATION**

When assessing reliability, the Court has to consider a variety of factors, including "the

opportunity of the witness to view the criminal at the time of the crime, the witness' degree of

attention, the accuracy of the witness' prior description of the criminal, the level of certainty

demonstrated by the witness at the confrontation, and the length of time between the crime and

the confrontation."  *United States v. Thai*, 29 F.3d 785, 808 (2nd Cir. 1994) (quoting *Neil v.

Biggers*, 409 U.S. 188, 199-200 (1972)).  The Second Circuit in *Thai* instructs that these factors

must also be evaluated in light of the totality of the circumstances.

As previously discussed, the Government has not supplied us with any information as to the

comments that were made during the photo array.  The Government has also failed to supply us

with whatever descriptions they received from witnesses.  The murder of Allen McQueen took

place on July 7, 2015.  This photo array identification took place on March 7, 2016.  The length

of time between the crime and the identification procedure is eight months.  In the Photo Array

Viewing Report, it indicates that there are words and gestures made by the witness during the

identification procedure, however the record of those words and gestures were redacted upon

discovery production.  The Photo Array Viewing Report, indicates that a vague answer was

6

given by the identifying witness, prompting the administrating officer to then make a comment, but the record of the vague answer and the officer's response were also redacted.

The Government also provided a Wanted Poster featuring Mr. Capers wearing what appears to be the exact shirt as he is wearing in the Photo Array photograph. The photograph in the Wanted Poster appears to be an enlarged copy of the same photograph of Mr. Capers that was used in the Photo Array. While it is unclear as to when the Wanted Poster was created or where it was disseminated, it does provide Mr. Capers' name, age, and physical description.

The date and breath of the dissemination of the Wanted Poster is another potential source of taint of the witness's identification of Mr. Capers. There is no way to determine just by looking at the Wanted Poster how many people have seen it. A hearing is necessary for the Court to properly examine the totality of these circumstances surrounding the photo array procedure before making a determination as to the reliability of the identification.

It is respectfully submitted that the Photo Array is intrinsically suggestive, that the conduct of the viewing of the photo array must be shown to comport with the requirements of Due Process and that the dissemination of a Wanted Poster is a source of potential taint of the identification of Mr. Capers. We respectfully submit that a hearing is necessary to examine the fairness of the array, the suggestiveness of the presentation, and the reliability of the identification.

### Join Motions Filed by Co-defendants

Mr. Capers respectfully requests that he be permitted to join the motions filed by all co-defendants that are not inconsistent with the relief sought herein. This request is made to preserve judicial resources and to avoid unnecessary duplication of efforts.

## **Conclusion**

For the foregoing reasons, the defendant respectfully requests this Court to enter an Order granting the relief sought herein.  Specifically, it is respectfully requested that a pre-trial hearing be ordered on this issue and granting such other and further relief as this Court may deem to be just and reasonable.

Dated:      New York, New York
            July 6, 2017

                              Respectfully submitted,

                                  /s/Esere Onaodowan
                              Esere Onaodowan
                              Counsel for James Capers
                              116 West 23rd Street
                              New York, NY 10011
                              718-427-3139
                              eonaodowan@eocdlaw.com