

**Esere J. Onaodowan, Esq.**
eonaodowan@eocdlaw.com   t 646.375.2119   c 718.427.3139

**Christine E. Delince, Esq.**
cdelince@eocdlaw.com   t 646.375.2117   c 917.238.9332

July 26, 2016

Hon. William H. Pauley III
US District Court
500 Pearl St
New York, NY 10007

*RE: U.S. v. Capers, et al* 15 cr 607 (WHP)

Dear Judge Pauley:

I am counsel for James Capers, a defendant in the above referenced matter. I have been assigned to work with the attorney of record, Andrew Patel on this matter.

Defense motions on this matter were filed on July 6, 2016. The Government filed their response on July 20, 2016 (docket entry #81). In a brief reply to the Government's response, we submit the following to the Court:

1. The Government speculates as to what effect the clothing worn by the individuals depicted in the photo array had on the identification. The Government's speculation is not sufficient and only an evidentiary hearing would elicit the facts necessary for the Court to make a finding as to whether or not the different clothing worn by the individuals had any effect on the identification. "The common root, though, is the suggestiveness of a photo array, which presents a mixed question of law and fact…" Velazquez v. Poole, 614 F. Supp. 2d 284, 300 (E.D.N.Y. 2007) "The constitutionality of pretrial identification procedures is a "mixed question of law and fact" Jones v. Fischer, No. 05CIV.7774(WHP), 2009 WL 884814, at *4 (S.D.N.Y. Mar. 30, 2009).

2. "…[T]he 'principal question is whether the picture of the accused, matching descriptions given by the witness, so stood out from all of the other photographs as to 'suggest to an identifying witness that [that person] was more likely to be the culprit.'" *Jarrett v. Headley*, 802 F.2d at 41 (quoting *United States v. Archibald*, 734 F.2d 938, 940 (2d Cir.1984)). "The array must not be so limited that the defendant is the only one to match the witness's description of the perpetrator." *Velazquez v. Poole*, 614 F. Supp. 2d 284, 301 (E.D.N.Y. 2007), (quoting *Jarrett v. Headley,* 802 F.2d 34 at 40–41) The Government has yet to provide any information establishing what, if any, prior matching descriptions were ever given by the identifying witness. It is respectfully submitted that this question of fact can only be resolved after an evidentiary hearing.



**Esere J. Onaodowan, Esq.**
eonaodowan@eocdlaw.com   t 646.375.2119  c 718.427.3139
**Christine E. Delince, Esq.**
cdelince@eocdlaw.com   t 646.375.2117  c 917.238.9332

3. The Government has provided no information that the witness had not viewed the Wanted Poster prior to the photo identification. James Capers is wearing the same clothing in the Wanted Poster as in the Photo Array. It is our position that the witness' possible viewing of the Wanted Poster prior to making the identification could have caused James Capers to stand out in the photo array. The act of viewing the Wanted Poster where Mr. Capers is wearing the same clothing in both photographs creates the requisite unduly suggestiveness cognizable by *Wade*. *Wade* does not give an exhaustive list detailing the manner in which the unduly suggestiveness of a photo array may exist.

Given the serious nature of the charges in this case, we ask the Court to Order a hearing.

We agree with the Government that the hearing can be conducted any time prior to the witness' testimony that is convenient to the Court.

Respectfully submitted,
/s/
**Esere J. Onaodowan**
Attorney at Law
116 West 23rd Street, 5th Floor
New York, NY 10011
Tel: **646-375-2119**
Fax: 646-677-6918
eonaodowan@eocdlaw.com

cc: All counsel of record (ECF)